IRENE UNDERHILL, APPELLANT, *v.* THE POUGHKEEPSIE SAVINGS BANK, RESPONDENT.

*Savings bank — liable to a depositor for amounts paid on forged orders — when the bank is not `entitled to credit for deposits made by the forger in the name of, and subsequently drawn from the bank by the party whose name was forged.*

The plaintiff having deposited with the defendant, a savings bank, $400, drew therefrom upon her order the sum of $200 and loaned the same to her attorney. Subsequently the attorney drew out the other $200 upon forged orders and surrendered the plaintiff's pass-book to the defendant. Thereafter he deposited $150 to the plaintiff's credit, procured a new pass-book to be issued and delivered it to her. After having drawn out this $150 the plaintiff brought this action against the defendant to recover the $200 drawn out on the forged orders and the accrued interest thereon. The judge directed that the $150 so drawn out by the plaintiff should be applied as a payment upon the balance due to her upon the first account.
*Held*, that this was error.

APPEAL from an order reducing the amount of a verdict of a jury, and from the judgment entered in accordance with the said verdict.

*Frank Hasbrouck*, for the appellant.

*R. E. Taylor*, for the respondent.

DYKMAN, J.:

The plaintiff deposited $400 with the defendant; $200 of this sum was loaned to her lawyer and drawn out on her order. Then he drew the other $200 on forged orders and surrendered her pass-

book. After that he deposited with the defendant to the credit of the plaintiff $150 and procured a new pass-book in her name containing the credit which he delivered to her. She drew out this sum of $150 and brought this action for the recovery of the $200 not drawn by her and the accrued interest. The jury rendered a verdict for the full amount, but the trial judge reserved the question as to the application of the $150 deposited by the plaintiff's lawyer; and subsequently made an order deducting it from the verdict, and judgment was entered accordingly. This order was erroneous. When the plaintiff deposited her money with the defendant their relations was that of debtor and creditor. The bank owed her $400. She drew out $200 and the other $200 remained in the bank. That never was drawn our by her and the bank remained all the time her debtor in that amount. That indebtedness could not be discharged by a payment to a lawyer on a forged order and a fraudulent surrender of the pass-book. So when afterwards the lawyer deposited $150 to the credit of the plaintiff the bank owed her $350. She drew out $150 of this sum and left the amount for which the jury rendered the verdict.

When the plaintiff received the $150 from the bank which the lawyer had deposited, it was a payment on the $200 she lent him, and he remained her debtor in the sum of fifty dollars, while he still owes the bank $200, for which they can maintain an action now.

The order appealed from should be reversed, with ten dollars costs and disbursements, the judgment entered should be vacated and judgment entered on the verdict for the plaintiff, with costs.

BARNARD, P. J., and PRATT, J. concurred.

Order reducing verdict and judgment thereon reversed, with costs and disbursements and judgment ordered upon the verdict.